UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RUSSIA WILLIAMS                                                  CIVIL ACTION

VERSUS                                                                   NO. 14-705-JJB-RLB

ARAMARK SERVICES, INC.

## ORDER

Before the court is Plaintiff's Motion to Compel Responses to Discovery Requests (R. Doc. 16) filed on November 10, 2015.  The Motion is opposed. (R. Doc. 17).  Plaintiff has submitted a Reply. (R. Doc. 18).[1]

Plaintiff's Motion seeks an order (1) compelling Defendant to provide complete responses to certain interrogatories and requests for production of documents; (2) overruling certain objections to Plaintiff's interrogatories, requests for production of documents, and requests for admission; (3) and awarding attorney's fees to Plaintiff.  (R. Doc. 16-1 at 14-15). Although it is unclear when the discovery at issue was propounded, there is no dispute that Defendant provided its responses to Defendant's written discovery requests on July 17, 2015. (R. Doc. 16-3 at 19).  On August 6, 2015, Plaintiff's counsel wrote to defense counsel regarding various "objections and observations concerning the discovery responses" and scheduled a discovery conference to be held the next day.  (R. Doc. 16-4).  Plaintiff's Motion contains a Rule 37 certification verifying that Plaintiff's counsel "conducted a telephone conference with both counsel for [Defendant] by telephone concerning the discovery responses" but was unable to resolve the issues presented in the Motion.  (R. Doc. 16 at 2-3).

---

[1] Plaintiff attached to her Reply memorandum a motion for leave to file the Reply. (R. Doc. 18-1). **IT IS ORDERED** that Plaintiff's motion for leave is **GRANTED**, and the Reply is deemed filed into the record.

In opposition, Defendant argues that the Motion is untimely and baseless. (R. Doc. 17 at 4-7). Defendant argues that the Motion is untimely because it was not filed by the discovery deadline or otherwise as allowed by Local Rule 26(d)(1). (R. Doc. 17 at 4-5). Defendant represents that although certain objections based on privilege were made to Plaintiff's discovery requests, each of the discovery requests were responded to the best of Defendant's "ability and knowledge" and "[n]othing was withheld on grounds of privilege or otherwise." (R. Doc. 17 at 5-6).

Pursuant to Local Rule 26(d)(1), "[a]bsent exceptional circumstances, no motions relating to discovery, including motions under Fed. R. Civ. P. 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct during the final seven days of discovery." LR 26(d)(1). The deadline to complete non-expert discovery in this action, and to file all related discovery motions, expired on November 2, 2015. (R. Doc. 8).[2] Plaintiff filed the instant motion on November 10, 2015, eight days after the expiration of the discovery deadline. Accordingly, the Motion is untimely pursuant to this court's scheduling order and Local Rule 26(d)(1). *See also Price v. Maryland Cas. Co.*, 561 F.2d 609, 611 (5th Cir. 1977) (denying motion to compel filed after the close of discovery where party had been "inexcusably dilatory in his efforts"); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed two weeks after the discovery deadline; motion should have been filed within discovery deadline); *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D.

---

[2] On October 27, 2015, the parties filed a joint motion to extent all pre-trial deadlines through the deadline to file dispositive motions. (R. Doc. 14). The sole reason for requesting these extensions provided in the motion was that Plaintiff's deposition had not yet been taken. (R. Doc. 14 at 2). The court granted this motion in part for the sole purpose of extending the non-expert discovery deadline to November 20, 2015 "in order to allow the parties to schedule and take the deposition of the Plaintiff." (R. Doc. 15 at 3).

2

Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril.")).

The court finds no exceptional circumstances for concluding that the Motion should be considered on the merits.  Plaintiff was provided with the discovery responses at issue on July 17, 2015.  Plaintiff's counsel raised various "objections and observations" concerning those discovery responses to defense counsel on August 6, 2015, and scheduled a discovery conference for the next day.  There is simply no indication that Plaintiff acted diligently in filing the instant Motion over three months later and after the deadline to do so had expired.  The joint motion for extension of the pre-trial deadlines did not mention Plaintiff's desire to file a motion to compel regarding written discovery responses.[3]  Furthermore, nothing in the court's order dated October 30, 2015 precluded Plaintiff from filing a timely motion to compel on or before the discovery deadline of November 2, 2015.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Compel is **DENIED**.  The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on December 10, 2015.

 

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

---

[3] Plaintiff's counsel represents that he did not agree to file the joint motion for an extension of time. (R. Doc. 18 at 2 n.2).  He further represents that he was surprised that the joint motion was not granted, and that he had intended on taking a Rule 30(b)(6) deposition of Defendant or the deposition of Defendant's employee who signed the interrogatory responses provided. (R. Doc. 18 at 2 and n.2).  As stated above, the sole reason provided in the joint motion for an extension of time was Defendant's need for additional time to schedule and take the deposition of Plaintiff.  Plaintiff did not file a motion seeking an extension of the discovery deadline, whether joint or not, indicating her desire for additional time to schedule and take the deposition of Defendant and/or its employees.  Nothing in the court's order dated October 30, 2015, or the instant Order, precludes Plaintiff from filing a motion seeking additional time to conduct such depositions upon a showing of good cause pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure.