UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RUSSIA WILLIAMS                                     CIVIL ACTION

VERSUS                                              NO. 14-705-JJB-RLB

ARAMARK SERVICES, INC.

### ORDER

Before the Court is Aramark Services, Inc.'s ("Defendant") Motion to Exclude Expert Testimony (R. Doc. 20) filed on April 1, 2016. The Motion is opposed. (R. Doc. 22).

**I.      Background**

Plaintiff originally filed this slip-and-fall action in state court on October 10, 2014. (R. Doc. 1-2). Defendant removed the action on November 5, 2014 on the basis of diversity jurisdiction. (R. Doc. 1).

On January 29, 2015, the Court entered a Scheduling Order (R. Doc. 8) setting, among other things, the deadline to disclose experts on October 1, 2015 (Plaintiff) and November 2, 2015 (Defendant); the deadline to exchange expert reports on December 1, 2015 (Plaintiff) and January 15, 2016 (Defendant); the deadline to complete expert discovery on February 29, 2016; the deadline to file dispositive motions and *Daubert* motions on April 1, 2016; and the deadline to file motions in limine on September 9, 2016. The case is set for a jury trial to begin on November 7, 2016.

On October 27, 2015, the parties filed a joint motion seeking three-and-a-half month extensions of the deadlines to complete non-expert discovery, to exchange expert reports, to

conduct expert discovery, and to file dispositive and *Daubert* motions. (R. Doc. 14).[1] The Court granted the motion in part and denied the motion in part, providing only a brief extension of the non-expert discovery deadline for the purpose of taking Plaintiff's deposition. (R. Doc. 15). The Court expressly stated that "[a]ll other deadlines remain as previously scheduled." (R. Doc. 15 at 3).

The instant Motion seeks on order excluding all expert testimony from evidence at trial on the basis that Plaintiff did not disclose any expert witnesses by October 1, 2015, and did not provide an expert report by December 1, 2015. (R. Doc. 20-1 at 2-3). Defendant notes that in the joint status report submitted on June 15, 2015 (R. Doc. 7), Plaintiff stated that she anticipated "expert testimony regarding her medical condition and lost wages/loss of earning capacity" but nevertheless failed to subsequently disclose any experts or provide any expert reports. (R. Doc. 20-1 at 3). Defendant seeks relief pursuant to Rule 37(c)(1) and/or Rule 16(f) of the Federal Rules of Civil Procedure.

## II.     Law and Analysis

Under Rule 37(c)(1), if a party fails to provide expert disclosures within the established deadlines, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." To be clear, the exclusion "is mandatory and automatic unless the party demonstrates substantial justification or harmlessness." *Red Dot Bldgs. v. Jacob Technology, Inc.*, No. 11-1142, 2012 WL 2061904, at *3 (E.D. La. June 7, 2012); *see also Lampe Berger USA, Inc. v. Scentier, Inc.*, No. 04-354, 2008 WL 3386716, at *2 (M.D. La. Aug. 8, 2008) (noting that exclusion of non-

---

[1] At the time the joint motion to extend deadlines was filed, Plaintiff's deadline to disclose experts had expired. The parties did not seek an extension of that deadline or any other deadlines to disclose expert witnesses.

disclosed expert testimony is automatic and mandatory unless the party can show substantial justification or harmlessness). When determining whether to strike evidence, including expert witnesses, under Rule 37(c)(1), trial courts should look to the same four factors articulated by the Fifth Circuit to determine whether good cause exists to modify a scheduling order under Rule 16 for guidance: (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

There are two types of testifying experts who must be disclosed pursuant to Rule 26—witnesses who must provide a written report pursuant to Rule 26(a)(2)(B) and witnesses who do not provide a written report pursuant to Rule 26(a)(2)(C). The disclosure of expert witnesses who must provide a written report must be "accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The expert reports must contain the following: (1) "a complete statement of all opinions the witness will express and the basis and reasons for them"; (2) "the facts or data considered by the witness in forming them"; (3) "any exhibits that will be used to summarize or support them"; (4) "the witness's qualifications, including a list of all publications authored in the previous 10 years"; (5) a list of cases in which the expert testified during the previous four years; and (6) a statement of the compensation received by the expert for his study and testimony. Fed. R. Civ. P. 26(a)(2)(B). Expert disclosures must be made "at the times and in the sequence the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Plaintiff does not argue that she intended to call any witnesses as experts (including any economic experts to opine of lost wages) pursuant to Rule 26(a)(2)(B).  Instead, Plaintiff argues that she sufficiently disclosed that the treating physicians identified in her initial disclosures and discovery responses would testify as experts pursuant to Rule 26(a)(2)(C).  Accordingly, the Court will grant Defendant's motion with regard to any witnesses who must provide a written report pursuant to Rule 26(a)(2)(B).  In other words, Plaintiff shall be precluded from presenting any evidence from retained experts as no timely expert reports were provided by the December 1, 2015 deadline.  The Court will turn to whether Plaintiff has properly disclosed experts pursuant to Rule 26(a)(2)(C).

Where an expert witnesses "is not required to provide a written report, [the expert] disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

The Scheduling Order set the deadline for Plaintiff to disclose the identities and resumes of her experts by October 1, 2015. (R. Doc. 8).  In support of her argument that she timely disclosed her treating physicians as experts, Plaintiff has submitted her Rule 26(a) initial disclosures served on February 10, 2015 and her response to Defendant's Interrogatory No. 16 on April 17, 2015, which requests Plaintiff to list "each witness, lay or expert," that will or may be called at trial by Plaintiff. (R. Doc. 22-1; R. Doc. 22-2 at 10-11).  The lists of potential witness are virtually identical and include various unnamed treating physicians and employees of medical providers.  Finally, Plaintiff asserts that the production of her medical records and bills on April 17, 2015 (R. Doc. 22-3) are "as good as an expert report" and, in conjunction with the previous expert lists, constituted full disclosure of Plaintiff's expert witnesses.  In sum, Plaintiff

4

argues that "[i]f there was some technical failure in not spelling out more clearly the obvious fact that the disclosed treating physicians who were identified are intended (sic) may offer expert testimony, that omission was clearly harmless." (R. Doc. 22 at 2).

The Court concludes that the foregoing alleged disclosures do not satisfy the standard set forth in Rule 26(a)(2)(C). Proper designation of a treating physician as a testifying expert pursuant to Rule 26(a)(2)(C) requires production of "an actual summary of the facts and opinions to which the witness is expected to testify." *Williams v. State*, No. 14-00154, 2015 WL 5438596, at *4 (M.D. La. Sept. 14, 2015) (disclosure consisting of medical records alone is insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)). In addition to ignoring the Court's requirement that resumes of experts must be provided to the opposing party, Plaintiff did not specifically identify which of her treating physicians would testify as experts and did not provide any summaries of the facts and opinions to which those treating physicians would testify. Indeed, Plaintiff's disclosures broadly name the "employees" of various health care facilities as potential witnesses regarding "medical treatment and injuries" without identifying any specific treating physicians. It is not the duty of an opposing party to sift through medical records to determine who treated the Plaintiff and whether those treating physicians will ultimately be called to testify as an expert pursuant to Rule 26(a)(2)(C).

Having found that Plaintiff has failed to properly identify her treating physicians as expert witnesses pursuant to Rule 26(a)(2)(C), the Court must determine whether it should subject Plaintiff to the sanction requested by Defendants—exclusion of expert testimony from Plaintiff's treating physicians at trial.

The Court must exclude or limit expert testimony if the expert's disclosure was improper unless the improper disclosure was "substantially justified or is harmless." Fed. R. Civ. P.

5

37(c)(1). In determining whether exclusion of expert testimony is appropriate, the court must consider "(1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996).

The first factor is neutral. Plaintiff has made no attempt to identify any specific treating physicians who she intended to identify as experts pursuant to Rule 26(a)(2)(C). The court is not aware of a single medical provider witness that has been specifically named. Plaintiff has not provided any summaries of the subject matters of those unidentified treating physicians. That said, considering this is a personal injury action, not allowing Plaintiff to designate any of her treating physicians as experts pursuant to Rule 26(a)(2)(C) may lead to jury confusion because their testimony will be limited to lay testimony regarding their treatment of the Plaintiff.

The second and third factors also weigh against Plaintiff. Allowing these treating physicians to testify as Rule 26(a)(2)(C) experts would prejudice Defendants. Defendants have not had the opportunity to designate competing experts in light of the identification of Plaintiff's treating physicians as experts. Furthermore, Defendant has not had the opportunity to conduct any needed discovery regarding Plaintiff's treating physicians. Allowing Plaintiff to now identify treating physicians as experts would, at a minimum, require the Court to provide Defendant an opportunity to identify competing experts, thus reopening discovery at this late stage. The deadline to file dispositive motions and Daubert motions expired months ago. Even if the court could find that the possibility of a continuance (or even extended deadlines) may cure any prejudice, it does not appear that Plaintiff has taken any steps to remedy the failed

6

disclosures in a timely manner. The court has no way to ascertain the extent of any such continuance that would be required.

The fourth factor also weighs against Plaintiff. Plaintiff's explanation for the failure to disclose expert witnesses is dismissive of the Federal Rules of Civil Procedure and this court's order. Plaintiff (through her counsel) states the following:

> If there was some technical failure in not spelling out more clearly the obvious fact that the disclosed treating physicians who were identified are intended (sic) may offer expert testimony, that omission was clearly harmless. Every lawyer knows or surely should know that is why treating physicians are called as witnesses. Every lawyer knows that in an injury case, the treating physicians provide expert testimony.

(R. Doc. 22 at 2). Plaintiff's failure to disclose experts was not merely a "technical failure." The identification of treating physicians in initial disclosures[2] and responses to discovery is not an expert disclosure pursuant to Rule 26(a)(2)(C). *See Williams v. State*, No. 14-00154, 2015 WL 5438596, at *4 (M.D. La. Sept. 14, 2015).

Based on the foregoing, the Court finds it appropriate to grant the relief sought pursuant to Rule 37(c)(1). Plaintiff has not sought an extension of her deadline to disclose experts or addressed any applicable rules or caselaw, instead choosing to attack the instant motion as "entirely unnecessary", "baseless," and "a lot of unnecessary fuss." (R. Doc. 22). Plaintiff has failed to provide any expert disclosures pursuant to Rule 26(a)(2) and has not demonstrated that this failure was substantially justified or is harmless. Accordingly, Plaintiff should not be allowed to provide any evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence at trial. Fed. R. Civ. P. 37(c)(1).[3]

---

[2] Indeed, Rule 26(a)(2)(A) specifically states that the disclosures of expert testimony are "[i]n addition to the disclosures required by Rule 26(a)(1)."

[3] In addition, Rule 16(f) provides the Court with authority to issue sanctions if a party or its attorney "fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). As the Court is granting the relief requested pursuant to Rule 37(c)(1), it need not determine whether any additional sanctions are merited pursuant to Rule 16(f).

**IT IS ORDERED** that Defendant's Motion to Exclude Expert Testimony (R. Doc. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff not be allowed to provide any evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence at trial.

Signed in Baton Rouge, Louisiana, on June 2, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**